STATE OF IOWA, Appellee, v. ROY DEMARA, Appellant.

No. 40308.

JUNE 23, 1930.

*Goltz & Brown*, for appellant.

*John Fletcher*, Attorney-general, *Neill Garrett*, Assistant Attorney-general, *Ole T. Naglestad*, and *Ralph Prichard*, for appellee.

EVANS, J.—The case being reached for trial, and the defendant being present in court, and appearing also by counsel, such counsel made the following application to the court:

"If the court please, we propose to show that the defendant is of unsound mind, and that is under Chapter 648. of the Code, Section 13905 of the 1927 Code. We propose to make that showing at this time, if the court please. And we would ask the court at this time to appoint a commission to investigate as to the mental soundness and sanity of this defendant at this time."

The sections of the statute under which the foregoing application was made provide:

"13905. *Doubt as to sanity—procedure.* If a defendant appears in any stage of the trial of a criminal prosecution, and

a reasonable doubt arises as to his sanity, further proceedings must be suspended and a trial had upon that question.''

"13906. *Method of trial.* Such trial shall be conducted in all respects, so far as may be, as the prosecution itself would be, except the defendant shall hold the burden of proof, and first offer his evidence and have the opening and closing argument.''

"13907. *Finding of insanity—discharge or commitment.* If the accused shall be found insane, no further proceedings shall be taken under the indictment until his reason is restored, and, if his discharge will endanger the public peace or safety, the court must order him committed to the department for the criminal insane at Anamosa until he becomes sane; but if found sane, the trial upon the indictment shall proceed, and the question of the then insanity of the accused cannot be raised therein.''

Pursuant to the defendant's application, the court appointed a commission of three reputable physicians to examine the defendant as to his sanity. Such commission later made its report in a divided opinion. Two members thereof reported their views to the effect that the defendant was insane. One member thereof reported his view that the defendant was sane. Upon receipt of such report, the court ruled that a reasonable doubt appeared as to the sanity of the defendant, and ordered that the issue be tried to a jury, pursuant to the provisions of the statute as above quoted.

Upon the trial of such issue, the defendant assumed the burden of proof, and called two members of the commission as witnesses, in support of the contention of insanity. The issue was submitted to the jury under the instructions of the court, and the jury rendered a verdict of insanity, in accord with the contention of the defendant and his counsel.

Pursuant to the verdict and to the provisions of Section 13907, the court committed the defendant to the department for the criminally insane at Anamosa.

Such order of the court ended the proceeding, for the time being, in the district court. Thereupon the defendant appears to have discharged his counsel and to have employed new counsel. The objective of this change of counsel was to undo the insanity proceeding. The parents of the defendant likewise appeared.

by intervention, and sought to accomplish the same purpose. The intervention of the parents is predicated upon the fact that the defendant himself is a minor, 18 years of age. The defendant, by his present counsel, broadly assailed the insanity proceeding, and challenged the correctness of the instructions and the sufficiency of the evidence to establish the fact of insanity. He then contended, and now contends, that he is sane, and that he never was insane. He demanded, and now demands, that the insanity proceeding be nullified and set aside, and that the trial proceed upon the criminal charge. The trial court either ignored or denied his application or contention, and he has appealed. We are unable to discover any standing ground for him, as an appellant. If we take him at his present word, to the effect that he is, and at all times was, sane, then he was sane when he applied for the appointment of commissioners to examine into his sanity. What was done in such proceedings was so done at his request. Why should he have a right of appeal therefrom? The statute conferred upon the defendant the right to set in motion an inquiry into his sanity. Acting under advice of reputable counsel, he did demand such inquiry. The court was under statutory mandate to grant it. The proceeding was had strictly in accord with the provisions of the statute. The finding of the jury supported the claim of the defendant on that issue. Upon such finding of the jury, the court had no discretion to make any other order than that which was made. No ruling was made upon the trial which was hostile to the defendant in a legal sense. Whether the defendant has the right at all to appeal, in such a case as is here presented, we have grave doubt. If he has a technical right of appeal, it is yet a naked right, because he had no ground of complaint in the court below. The State has not moved for a dismissal of the appeal. We only hold, therefore, that no error was committed by the trial court, and its order is, accordingly,—*Affirmed.*

MORLING, C. J., and FAVILLE, DE GRAFF, ALBERT, KINDIG, WAGNER, and GRIMM, JJ., concur.